1  EDWARD W. O'CONNELL JR., ESQ.; STATE BAR #313780

2  P.O. Box 1243
   Lake Elsinore, CA 92531
3  Telephone: 951-464-9619
   Facsimile: 951-880-0527
4  Email:  ewo.lawoffice@gmail.com

5  Attorney for Defendant
   PARTRON LAMONT WILSON JR.
6

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| | Case No. |
| PARTRON LAMONT WILSON JR. | **COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES REGARDING DENIAL OF SERVICE AND ACCESS TO EQUALLY USE AND ENJOY PUBLIC ACCOMMODATION:** |
| Plaintiff, | |
| | **Violation of § 42 U.S.C. 1981(b)** |
| v. | **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)** |
| AMERICAN AIRLINES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

19    Plaintiff PARTRON LAMONT WILSON JR. complains of Defendants AMERICAN AIRLINES,

20  INC. and alleges as follows:

21    1. **PARTIES**:  Plaintiff Partron Lamont Wilson Jr. is a Black male, and at all times relevant to this

22  complaint, was and still is a resident of California.

23    2. Defendant American Airlines, Inc. is a Delaware corporation in the business of operating a

24  commercial airline service for the public.

25    3. The Flight is a place of "public accommodation" and a "business establishment" subject to the

26  requirements inter alia of the categories of 42 U.S.C. section 12181(7) of the Americans with Disabilities

27  Act of 1990, of California Civil Code sections 51 et seq.

28  ///

                                     1
   DEFENDANT'S FIRST AMENDED RULE 26 INITIAL DISCLOSURES

4. Defendant American Airlines, Inc., is and was at all times relevant to this Complaint the owner and operators of the public accommodation and services that are the subject of this action.

5. **JURISDICTION**: This Court has jurisdiction of this action pursuant to 28 USC sections 1331 and 1343.  This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

6. **VENUE**: Venue is proper in this court pursuant to 28 USC section 1391(b)(2) and is proper because a substantial part of the events or omissions giving rise to the claim occurred in this district.

7. **INTRADISTRICT**: This case should be assigned to the Eastern Division because the real property which is the subject this intradistrict and Plaintiff's causes of action arose in this intradistrict.

8. **FACTUAL STATEMENT**:

9. Plaintiff hereby re-allege each and every allegation in paragraphs 1-19, as though fully set forth herein.

10. On January 23, 2025, Defendant was at the Ontario International Airport waiting to board a red eye flight to Dallas Fort Worth, Texas on American Airlines flight number 2277 (the "Flight").  The plaintiff's destination was Tennessee.

11. Plaintiff was amongst a group of friends, all of whom are white.

12. When Plaintiff and his friends began the boarding process, and as Plaintiff was boarding the plane, Defendant's flight attendant accused Plaintiff Partron Lamont Wilson Jr. ("Wilson") of being drunk and denied Wilson from boarding the Flight. The flight attendant was white.

13. Plaintiff was shocked because he was sober.   Plaintiff calmly tried to tell the flight attendant he was sober and remained calm during this encounter.  At no time did the flight attendant investigate Plaintiff's sobriety, she just flat out refused Plaintiff from boarding the Flight.

14. Although there appeared to be another flight attendant of color on board, the Plaintiff was the only Black passenger on the Flight.

15. This made Plaintiff feel like a second-class customer and unable to equally enjoy the Flight like everyone else on board, all of which were white.

///

///

16. Defendants' flight attendant refused to serve Plaintiff and denied him access to board the flight because he is Black. As a result, Plaintiff was denied service and access to facilities by Defendants because of his race to equally enjoy the premises compared with white persons.

17. Wilson was devastated, embarrassed, and overwhelmed by his interactions with Defendant's flight attendant.

18. The Flight took off without Wilson, but with Wilson's luggage.

19. Defendant eventually put Wilson on a different flight, but he was one day late, lost time locating his luggage, missed out on pre-planned events, and lost money on his hotel for the night.

20. The Defendants' decision to bar Plaintiff from entry onto the Flight because of his race contravenes the Unruh Act's mandate to allow all persons, no matter their race, the equal enjoyment of the services and facilities offered to the public by Defendant.

21. Plaintiff intends to travel again. He may have to fly on American Airlines on future travel but cannot do so until Defendant's policies allow individuals, no matter their race, to use Defendant's services and facilities, including necessary employee training and/or retraining. Plaintiff has brought this lawsuit to force Defendants to change their discriminatory and illegal policies and compensate him for refusing to serve him because he is Black. Plaintiff seeks an injunction to protect the rights of all Black persons to board American Airline flights.

## FIRST CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 1981

22. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint and incorporates them herein as if separately re-pleaded.

23. 42 U.S.C. § 1981 provides that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens …." 42 U.S.C. § 1981(a). Under the statute, the phrase "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

24. When Plaintiff contracted with American for passage on Flight 2277, he had a right to be treated equally to white passengers and without discrimination—a right which Defendant violated. Plaintiff was subjected to discriminatory, and substantially worse, performance, benefits, privileges, terms, and conditions of their contract with American, solely due to his race and color.

25. As a direct and proximate result of American's intentional discrimination in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress for which he is entitled to an award of damages.

26. American's unlawful and discriminatory actions constitute malicious, willful, and wanton violations of Section 1981, for which Plaintiffs are entitled to an award of punitive damages.

**SECOND CAUSE OF ACTION:**

**VIOLATION OF CALIFORNIA LAW INCLUDING:**

**THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)**

27. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 26 of this Complaint and incorporates them herein as if separately re-pleaded.

28. At all times relevant to this action, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that: All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

29. California Civil Code section 52 provides that discrimination by Defendants against Plaintiff on the basis of race constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

30. Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that: Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand

dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

31. The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities and services (i.e. the Flight) based on race within the meaning of California Civil Code sections 51 and 52.

32. As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory and compensatory to Plaintiff, according to proof.

33. **FEES AND COSTS**: As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities and policies accessible to all persons no matter their race, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

34. Plaintiff suffered damages as above-described as a result of Defendants' violations. WHEREFORE, Plaintiff prays for relief as hereinafter stated.

WHEREFORE, Plaintiff Partron Lamont Wilson Jr. prays for judgment and the following specific relief against Defendants:

1. An order enjoining Defendants, their agents, officials, employees, and all persons acting in concert with them:

a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

b. To modify its policies and practices to accommodate all persons, no matter their race, in conformity with federal and state law, and to advise Plaintiff that he will not be excluded should he desire to fly with American Airlines in the future;

1    c. That the Court issue preliminary and permanent injunction directing Defendants as current owners

2    and operators of the service and facilities to modify their policies and related policies and practices to

3    provide full and equal access to all persons, no matter their race; and issue a preliminary and permanent

4    injunction pursuant to state law directing Defendants to provide their services and facilities to all persons,

5    no matter their race, as required by law, and to train Defendants' employees and agents on applicable law;

6    d. An order retaining jurisdiction of this case until Defendants have fully complied with the orders of

7    this Court, and there is a reasonable assurance that Defendants will continue to comply in the future absent

8    continuing jurisdiction;

9    2. An award to Plaintiff of statutory, actual, general, and punitive damages in amounts within the

10    jurisdiction of the Court, all according to proof;

11    3. An award to Plaintiff pursuant to California Civil Code §§ 52, California Code of Civil Procedure

12    § 1021.5, and as otherwise permitted by law, of the costs of this suit and reasonable attorneys' fees and

13    litigation expenses;

14    4. An award of prejudgment interest pursuant to Civil Code § 3291;

15    5. Interest on monetary awards as permitted by law; and

16    6. Grant such other and further relief as this Court may deem just and proper.

17    Respectfully submitted.

18

19    Date:   9/5/2025            /S/ Edward W. O'Connell Jr.

20                               Edward W. O'Connell Jr.
                                 Attorney for Plaintiff Partron Lamont Wilson Jr.

21

22                               **JURY DEMAND**

23    Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

24

25    Date:   9/5/2025            /S/ Edward W. O'Connell Jr.

26                               Edward W. O'Connell Jr.
                                 Attorney for Plaintiff Partron Lamont Wilson Jr.

27

28

COMPLAINT